## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOHN HANCOCK LIFE       \*
INSURANCE COMPANY (U.S.A.)
P.O. Box 111       \*
Boston, Massachusetts 02117
      \*
      Plaintiff
      \*
v.                                           Civil Action No.: _____
      \*
ELIZABETH GRISUIS f/k/a ELIZABETH
MARTINI       \*
5820 Phoenix Drive
Bethesda, Maryland 20817       \*

      **SERVE ON:**       \*
      Elizabeth Grisius
      5820 Phoenix Drive       \*
      Bethesda, Maryland 20817
      \*
and
      \*
RICHARD A. MARTINI, as Personal
Representative of the Estate of Reno Martini       \*
331 East Elm Street
Homer City, Pennsylvania 15748       \*

      **SERVE ON:**       \*
      Richard A. Martini
      331 East Elm Street       \*
      Homer City, Pennsylvania 15748
      \*
and
      \*
RENA M. KUZNESKI
143 North 6th Street       \*
Indiana, Pennsylvania 15701
      \*
      **SERVE ON:**       \*
      Rena M. Kuzneski
      143 North 6th Street
      Indiana, Pennsylvania 15701       \*

and                                                    *

KRISTA D. MARTINI                                      *
230 South Lincoln Street
Homer City, Pennsylvania 15748                         *

    **SERVE ON:**                   *
    Krista D. Martini
    230 South Lincoln Street            *
    Homer City, Pennsylvania 15748
                                                       *
and
                                                       *
ALICIA CLARK
127 Hamilton Street                                    *
Indiana, Pennsylvania 15701
                                                       *
    **SERVE ON:**
    Alicia Clark                        *
    217 Hamilton Street
    Indiana, Pennsylvania 15701          *

        Defendants        *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT IN THE NATURE OF INTERPLEADER

    Plaintiff, John Hancock Life Insurance Company (U.S.A.) ("Plaintiff" or "John Hancock"), by and through undersigned counsel, hereby files this Complaint in the Nature of Interpleader, and states:

    1.    John Hancock is a life insurance company organized and existing under the laws of the State of Michigan, having its principal place of business in Boston, Massachusetts.

    2.    Upon information and belief, Defendant Elizabeth Grisuis f/k/a Elizabeth Martini ("Ms. Grisuis") is an adult citizen of the United States and is domiciled within the State of Maryland, and is a potential claimant to John Hancock Policy Number MVL 7021890 (the "Policy').

2

3.      Upon information and belief, Defendant Richard Martini ("Richard Martini") is an adult citizen of the United States and is domiciled within the State of Pennsylvania, is the Personal Representative of the Estate of Reno Martini, and a potential claimant to John Hancock Policy Number MVL 7021890.

4.      Upon information and belief, Defendant Rena M. Kuzneski ("Ms. Kuzneski") is an adult citizen of the United States and is domiciled within the State of Pennsylvania, and a potential claimant to John Hancock Policy Number MVL 7021890.

5.      Upon information and belief, Defendant Krista D. Martini ("Ms. Martini") is an adult citizen of the United States and is domiciled within the State of Pennsylvania, and a potential claimant to John Hancock Policy Number MVL 7021890.

6.      Upon information and belief, Defendant Alicia Clark ("Ms. Clark") is an adult citizen of the United States and is domiciled within the State of Pennsylvania, and a potential claimant to John Hancock Policy Number MVL 7021890.

### Jurisdictional and Venue Statement

7.      John Hancock is a foreign corporation incorporated under the laws of the State of Michigan, having its principal place of business in the State of Massachusetts.  One of the defendants is a citizen of the State of Maryland, and the other defendants are citizens of the State of Pennsylvania.  The matter in controversy exceeds $75,000, exclusive of interest and costs, as the amount of available life insurance proceeds is approximately $454,000.00.

8.      Upon information and belief, Ms. Grisius resides at 5820 Phoenix Drive, Bethesda, Maryland 20817.

9.     Upon information and belief, Richard A. Martini, the Personal Representative of the Estate of Reno Martini (the "Estate"), maintains a residential address at 331 East Elm Street, Homer City, Pennsylvania 15748.

10.    Upon information and belief, Ms. Kuzneski resides at 143 North 6th Street, Indiana, Pennsylvania 15701.

11.    Upon information and belief, Ms. Martini resides at 230 South Lincoln Street, Homer City, Pennsylvania 15748.

12.    Upon information and belief, Ms. Clark resides at 127 Hamilton Street, Indiana, Pennsylvania 15701.

13.    At the time of his death, Reno Martini ("Reno Martini" or "Decedent") resided at 14640 Seneca Road, Darnestowne, Maryland 20874.

14.    This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 (statutory interpleader), in that this matter relates to property with a value in excess of $500.00; there are two or more adverse claimants of diverse citizenship as defined in 28 U.S.C. § 1332(a); and, John Hancock will be seeking to deposit the subject property into the Registry of the Court.  Therefore, this action arises under the laws of the United States and raises a federal question.

15.    Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1397 (the district where one or more of the claimants resides) and 28 U.S.C. §§ 1391(a) and (b).

## Identification of the Parties

16.     On or about June 4, 1998, John Hancock Variable Life Insurance Company[1]
issued Policy No. MVL 7021890 ("Policy") to Reno Martini ("Reno Martini" or "Decedent").
Decedent was the owner of the Policy which had a face value of $500,000. The Policy provided
that upon the Decedent's death, the proceeds would be paid to the beneficiary(ies) identified by
the Decedent.

17.     Ms. Grisius is identified as the former spouse of Reno Martini. The Decedent
identified his then wife, Ms. Grisius (then known as Elizabeth A. Martini), as the primary
beneficiary of the Policy. A true and correct copy of the Policy's beneficiary designation is
attached hereto as *Exhibit 1*.

18.     Richard Martini is identified as the Personal Representative of the Estate of Reno
Martini, an Estate which was opened in the Circuit Court of Maryland for Montgomery County
on November 5, 2013. The Letters of Administration designating Richard Martini as the
Personal Representative are attached hereto as *Exhibit 2*.

19.     Ms. Kuzneski is identified as the adult daughter of the Decedent.

20.     Ms. Martini is identified as the adult daughter of the Decedent.

21.     Ms. Clark is identified as the adult daughter of the Decedent.

## Statement of Facts

22.     John Hancock issued the Policy to Reno Martini naming Reno Marini as both the
insured and owner of the Policy.

---

[1] John Hancock Variable Life Insurance Company is affiliated with John Hancock Life Insurance
Company (U.S.A.).

5

23.     The Policy provided that, upon Decedent's death, the proceeds would be paid to the beneficiary(ies) identified by the Decedent.

24.     The Decedent indicated that he had selected his then-wife, Elizabeth A. Martini, as his sole beneficiary under the Policy. *See Exhibit 1.*

25.     According to a Voluntary Separation and Property Settlement Agreement dated November 2, 2000 ("Settlement Agreement"), the Decedent and Ms. Grisuis (then known as Elizabeth A. Martini) were married on September 10, 1988. A true and correct copy of the Settlement Agreement is attached hereto as *Exhibit 3*. They separated on September 24, 1999. *Id.* at 1. On December 15, 2000, a Judgment of Absolute Divorce was entered in the Circuit Court of Maryland for Montgomery County which terminated the marriage. A true and correct copy of the Judgment of Absolute Divorce is attached hereto as *Exhibit 4.*

26.     Paragraph 4.M. of the Settlement Agreement discussed certain life insurance policies held by the parties, including the Policy at issue in this matter. *See Exhibit 3* at 5-7. According to Paragraph 4.M.(b), Reno Martini agreed to "sell/cash in life insurance policy no. ML7021890 [the Policy], having a cash value of approximately Twelve Thousand Six Hundred and Eighteen Dollars ($12,618). The cash value received from the sale/cashing in of the policy shall be equally divided between the parties." *Id.* at 6-7.

27.     Despite this provision set forth in the Settlement Agreement, John Hancock has no record of the Policy ever being cancelled, sold or surrendered and its cash value being equally divided between the Decedent and Ms. Grisius.

28.     Upon information and belief, the Decedent died on September 14, 2013. A true and correct copy of the Decedent's Certificate of Death is attached hereto as *Exhibit 5.*

29.     The Policy was in force when Reno Martini died.  The death benefit of the Policy, as of February 6, 2014, is $454,523.36,[2] from which John Hancock seeks to recover its costs and attorneys' fees associated with this action.

30.     On or about January 6, 2014, Richard Martini submitted a claim for the proceeds of the Policy on behalf of the Estate.  A true and correct copy of these claim forms are attached hereto as *Exhibit 6.*

31.     Richard Martini's claim forms identified Ms. Kuzneski, Ms. Martini, and Ms. Clark as daughters of the Decedent, and as being covered under the insurance being claimed. *See Exhibit 6.*

32.     On February 3, 2014, Elizabeth Grisius submitted a claim for the proceeds of the Policy.  A true and correct copy of Ms. Grisius' claim forms are attached hereto as *Exhibit 7.*

33.     Accordingly, Richard Martini, as Personal Representative of the Estate of Reno Martini, Elizabeth Grisius, Rena M. Kuzneski, Krista D. Martini, and Alicia Clark, claim entitlement to the John Hancock life insurance proceeds at issue in this matter and, therefore, have actual or potential claims to the John Hancock Policy proceeds.

34.     Based on these competing claims and the fact that the terms of Paragraph 4.M.(b) of the Settlement Agreement were not in fact complied with as it pertained to the surrender and division of the cash value of the Policy, John Hancock, on February 11, 2014, sent correspondence to Defendants in Interpleader, Elizabeth Grisius, Richard Martini, Rena M. Kuzneski, Krista D. Martini, and Alicia Clark, advising them that the proceeds of the Policy would be distributed in accordance with the terms of Paragraph 4.M.(b) of the Settlement

---

[2] Because the Policy is a variable life insurance policy, the death benefit amount changes essentially on a daily basis.

Agreement – that is, that 50% of the death benefit would be paid to Elizabeth Grisius, and 50% of the death benefit would be paid to the Estate of Reno Martini. A true and correct copy of John Hancock's February 11, 2014 letter to Elizabeth Grisius is attached hereto as *Exhibit 8*.

35.      On February 13, 2014, Ms. Grisius, through her counsel, sent correspondence to John Hancock objecting to the division proposed by John Hancock, and contending that Ms. Grisius was entitled to all of the death benefit proceeds of the Policy. A true and correct copy of this letter is attached hereto as *Exhibit 9*.

36.      Except for its costs in this action, John Hancock claims no title to, or interest in, the life insurance benefits payable under the Policy for the death of Reno Martini, and is ready, willing and able to pay the proceeds to the person or persons entitled to it; however, in light of the conflicting claims or potential claims thereto, John Hancock cannot determine, without risk of incurring multiple liability, which of the Defendants in Interpleader is legally entitled to receive payment of all or part of the aforementioned insurance proceeds, as to which John Hancock is a mere stakeholder with no interest in the controversy or the insurance proceeds.

37.      John Hancock hereby offers to deposit the balance of the proceeds of the Policy with the Court to permit resolution of the competing claims to those proceeds and to shield itself from the risk of potential multiple liability to any of the Defendants in Interpleader.

38.      John Hancock, as a mere stakeholder, has no interest (except to recover its attorney's fees and costs of this action), in the total benefits payable and respectfully requests that this Court determine to whom said benefits should be paid.

39.      John Hancock has not brought this Complaint in Interpleader at the request of any or all of the claimants; there is no fraud or collusion between John Hancock and any or all of the

claimants; and John Hancock brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

40.     John Hancock has no means other than this action to protect itself against prospective double or multiple liability for claims and potential claims made by the Defendants to the benefits payable under the Policy.

**WHEREFORE**, John Hancock Life Insurance Company (U.S.A.) respectfully requests that the Court enter a judgment:

A. Directing John Hancock to pay the net policy death benefits under John Hancock Policy Number MVL 7021890, together with accrued interest, into the Registry of the Court, less its fees and costs;

B. Directing the Defendants to interplead and settle among themselves their rights to life insurance proceeds due under John Hancock Policy Number MVL 7021890;

C. Enjoining and restraining Elizabeth Grisius, Richard Martini, as Personal Representative of the Estate of Reno Martini, Rena M. Kuzneski, Krista D. Martini, and Alicia Clark, and each of them, from further prosecuting or instituting any claim or action against John Hancock in any state or federal court or any other forum on account of any claim arising from payment of life insurance proceeds pursuant to John Hancock Policy Number MVL 7021890;

D. Releasing and discharging John Hancock from all liability under John Hancock Policy Number MVL 7021890 arising out of the matters herein set forth upon payment of the net policy proceeds, with accrued interest, into the Registry of the Court; and

E. Awarding John Hancock any other and further relief that this Court deems just and proper.

9

Respectfully submitted,

Scott M. Trager, Fed. Bar. No. 25636
Colleen K. O'Brien, Fed. Bar No. 29839
Semmes, Bowen & Semmes
25 South Charles Street
Suite 1400
Baltimore, Maryland 21201
(410)539-5040 (Telephone)
(410)539-5223 (Facsimile)
strager@semmes.com
cobrien@semmes.com

Attorneys for Plaintiff, John Hancock Life
Insurance Company (U.S.A.)

B1455410.DOC